CERTAIN & ZILBERG, PLLC
488 MADISON AVENUE, 20TH FLOOR
NEW YORK, NEW YORK 10022
TEL. 212.687.7800
FAX 212.687.7801

**Writer's Extension**: x222
**Writer's Email**: mzilberg@certainlaw.com

January 18, 2022

**VIA ECF AND EMAIL**
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007-1312
CronanNYSDChambers@nysd.uscourts.gov

RE: *Spina v. Congregation of Sisters of St. Agnes of Fond du Lac, Wisconsin, Inc.*,
Case No. 21-CV-7392

Honorable Judge Cronan:

I write on behalf of the plaintiff in the above-captioned action to object to Defendant, the Congregation of Sisters of St. Agnes of Fond du Lac, Wisconsin, Inc. ("Sisters") filing their Amended Motion to Dismiss Plaintiff's complaint for lack of personal jurisdiction on Friday, January 14, 2022 (*See* ECF Doc #34-35), despite the parties' agreement that an extension of the discovery schedule was necessary in light of the fact that the deposition of the Sisters' Rule 30(b)(6) designee has not yet taken place and several discovery disputes have been raised with the Court which remain unresolved.

As this Court is aware, on October 14, 2021, the parties were ordered to engage in limited discovery on the issue of personal jurisdiction in advance of the Sisters' proposed motion to dismiss this action for lack of personal jurisdiction. On October 29, 2021, Plaintiff served a set of interrogatories and requests for production on the Sisters; and noticed a deposition of a representative of the Sisters pursuant to Rule 30(b)(6) of the Federal Rules of Evidence. Additionally, Plaintiff was aware of at least one other action in New York State court pending against the Sisters where jurisdictional discovery had been ordered, and where the Sisters had failed to exchange even a single responsive document. Accordingly, in anticipation of similar noncompliance from the Sisters in the instant action, Plaintiff also served non-party subpoenas on the Archdiocese of New York ("Archdiocese"), Holy Family Blessed Sacrament & St. John Vianney Church ("Church"), and Holy Family School ("School") seeking information about the Sisters' activities in New York.

As anticipated, the Sisters' responses to Plaintiff's initial discovery requests were inadequate and improperly withheld responsive information within the scope of the Court-ordered discovery. After attempting unsuccessfully to resolve this dispute through good faith efforts to meet and confer with the Sisters, Plaintiff raised the issue with the Court in a letter dated December 10, 2021. *See* ECF Doc. #28. On December 16, 2021, the Sisters responded to the issues raised in Plaintiff's letter, and additionally proposed a modification to the discovery schedule in order to

1

allow time to resolve the dispute and reschedule and conduct the deposition of the Sisters' Rule 30(b)(6) designee, which had been postponed pending the resolution of the discovery dispute. *See* ECF Doc. # 30. Under the Sisters' proposed modified discovery schedule, the Sisters would re-submit their motion to dismiss for lack of personal jurisdiction on February 11, 2022; with Plaintiff's Opposition to be submitted on March 4, 2022. *Id*. at 3-4.

Plaintiff wrote an additional letter in response to the Sisters' proposed schedule, agreeing that a revised discovery schedule was necessary but stating that, as had been discussed in the last conference with the Court, Plaintiff's counsel was scheduled to be engaged in a trial during the month of January that would conflict with the Sisters' proposed dates. *See* ECF Doc. # 31. Accordingly, Plaintiff proposed a revision to the Sisters' proposed modified discovery schedule, whereby the Sisters would file their motion to dismiss on February 25, 2022; and Plaintiff would file her opposition on March 18, 2022. *Id.* at 1-2.

Meanwhile, in response to the non-party subpoenas served on the Archdiocese, the Church, and the School, counsel for the Archdiocese objected to the subpoenas as the Archdiocese, School, and Church are also named defendants in a related matter pending in New York State Court involving the same Plaintiff and the same set of facts and occurrences. The Archdiocese claimed the subpoenas were an improper attempt to circumvent the State Court discovery process. Despite good faith efforts to meet and confer and Plaintiff's offers to further narrowly tailor the scope of the subpoena to ensure that it <u>only</u> sought documents related to the Sisters' activities in New York, the Archdiocese would not even entertain the idea of producing any responsive documents in compliance with the subpoena. The Archdiocese raised this issue with the Court in a letter addressed December 17, 2021, to which Plaintiff replied in a letter dated December 22, 2021. *See* ECF Doc. #32.

The disputes discussed above which have been raised with the Court still await determination; and the issues that prompted the Sisters to request an extension of the Discovery schedule remain unresolved. No additional responsive documents to Plaintiff's discovery requests have been exchanged, and the deposition of the Sisters' Rule 30(b)(6) designee has still not yet been taken. Additionally, the issue raised by non-party Archdiocese regarding the subpoenas served by Plaintiff has not yet been addressed by the Court. Nevertheless, despite these outstanding issues, and in contradiction of their own proposed modification to the discovery schedule, the Sisters resubmitted their motion to dismiss the instant action for lack of personal jurisdiction on Friday, January 14, 2022.

Without the resolution of the discovery disputes between the parties, the issue raised by the Archdiocese over the nonparty subpoenas, <u>or</u> the deposition of the Sisters' Rule 30 (b)(6) witness, the parties are in largely the same position they were in regarding establishing or contesting personal jurisdiction as they were in October, when the Court first ordered jurisdictional discovery. The Sisters were specifically permitted by this Court to submit an <u>Amended</u> Motion to Dismiss in this action after conducting jurisdictional discovery in order to develop an adequate record upon which the Court could make its determination. However, the Sisters' amended motion does not include any additional documents, deposition testimony, or any other form of admissible evidence exchanged through jurisdictional discovery. Instead, it merely contains two additional unsupported factual affidavits by persons which Plaintiff has not had the opportunity to cross-examine at a deposition. The Sisters' "Amended" Motion to Dismiss therefore amounts to little more than a free

second bite at the apple for the Sisters to make essentially the same motion without having meaningfully engaged in the Court-ordered jurisdictional discovery.

Despite Plaintiff's best efforts, there remain additional responsive documents within the scope of the Court-ordered discovery which have not yet been exchanged, and Plaintiff has still not had the opportunity to conduct a deposition of the Sisters on the issue of personal jurisdiction through its Rule 30(b)(6) designee. Accordingly, Plaintiff respectfully requests that the Sisters' motion to dismiss be held in abeyance, subject to a revised discovery schedule provided by this Court, so that the Court may have an opportunity to make a determination on the outstanding discovery disputes before it and that Plaintiff may have the opportunity to conduct a deposition of the Sisters' Rule 30(b)(6) representative.

Thank you for your consideration of this request.

Respectfully submitted,

Michael Zilberg, Esq.

CC: All Counsel of Record

The Court grants Plaintiff's motion for an informal discovery conference pursuant to Local Rule 37.2. *See* Dkt. 28. The parties shall appear for a teleconference on January 26, 2022, at 12:00 p.m. The parties should be prepared to discuss the letters at Docket Numbers 28, 30, 31, and 32. By January 24, 2022, the parties shall (1) meet and confer in good faith to discuss potential solutions to the discovery disputes and (2) file a joint letter outlining the remaining categories of documents or subpoenas in dispute and each parties arguments on why the documents or subpoenas do or do not fall within the scope of discovery. At the scheduled time, counsel for all parties should call (866) 434-5269, access code 9176261.

The Court also grants the parties' request to extend the jurisdictional discovery deadline. *See* Dkts. 30, 31. Jurisdictional discovery is to be completed by February 9, 2022. Because the Court has extended the discovery deadline, the Court denies the motion to dismiss without prejudice. *See* Dkt. 33. The Court will set deadlines for a renewed motion to dismiss at the January 26 conference.

The Clerk of the Court is respectfully directed to close the motions pending at Docket Numbers 28, 33, and 36.

SO ORDERED.
Date: January 18, 2022
       New York, New York

JOHN P. CRONAN
United States District Judge