UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONNIE SPINA,

      Plaintiff,

v.

CONGREGATION OF SISTERS OF ST. AGNES OF FOND DU LAC, WISCONSIN, INC.,

      Defendant.

Case No. 21-CV-7392

---

## STIPULATED MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff Connie Spina and Defendant Congregation of Sisters of St. Agnes of Fond Du Lac Wisconsin, Inc., by and through their undersigned counsel, agree that good cause exists for the entry of the attached proposed Stipulated Protective Order, which has been agreed to by the parties, and request that the Court enter the proposed Stipulated Protective Order in this case.

Dated this 6th day of March, 2023.

By:    /s/ Emily Logan Stedman
        Francis H. LoCoco
        Emily Logan Stedman
        Husch Blackwell LLP
        *Pro Hac Vice*
        *Attorneys for Defendant*
        CONGREGATION OF SISTERS OF ST. AGNES OF FOND DU LAC, WISCONSIN, INC.
        511 North Broadway, Suite 1100
        Milwaukee, Wisconsin 53202
        (414) 978-5305
        frank.lococo@huschblackwell.com
        emily.stedman@huschblackwell.com

HB: 4872-3905-2371.1

2

                    Kevin F. Pinter
                    Nicoletti Spinner Ryan Gulino Pinter LLP
                    *Local Counsel for Defendant*
                    CONGREGATION OF SISTERS OF
                    ST. AGNES OF FOND DU LAC,
                    WISCONSIN, INC.
                    555 Fifth Avenue, 8th Floor
                    New York, New York 10017
                    (212) 730-7750

Dated this 6th day of March, 2023.

                By:   */s/ Michael Zilberg*
                        Michael Zilberg
                        *Attorneys for Plaintiff*
                        CONNIE SPINA
                        488 Madison Avenue, 20th Floor
                        New York, New York
                        (212) 687-7800
                        mzilberg@certainlaw.com

HB: 4872-3905-2371.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONNIE SPINA,

    Plaintiff,

v.

CONGREGATION OF SISTERS OF
ST. AGNES OF FOND DU LAC,
WISCONSIN, INC.,

    Defendant.

Case No. 21 Civ. 7392

## PROTECTIVE ORDER

Based on the Stipulation of the parties and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

IT IS THEREFORE ORDERED THAT, pursuant to Fed. R. Civ. P. 26(c):

All persons and entities subject to this order, including, without limitation, the parties, their attorneys, representatives, agents, experts and consultants, all non-parties providing discovery in this action, and all other interested persons with actual or constructive notice of this order, including their counsel, shall adhere to the following terms:

**I.    Applicability.**

    1.    The terms and conditions of this order will be applicable to and govern all information, documents, and tangible items produced in this action, including, but

        not limited to, responses to requests for admission, deposition testimony, and deposition transcripts and/or videos, regardless of their medium or format ("Discovery Materials"). Discovery Materials that are designated as "Confidential Information," which includes Confidential Health Information, are referred to herein as Confidential Discovery Materials.

    2.    Any person subject to this order who receives Confidential Discovery Materials ("Receiving Party") from another person ("Producing Party") shall not disclose such Confidential Discovery Materials, except as expressly permitted hereunder.

    3.    Discovery Materials that are designated by a non-party as "Confidential Information" will be treated as Confidential Discovery Materials under this order regardless of whether the non-party is or becomes bound by the terms of this order.

## II. Use and Disclosure of Confidential Discovery Materials.

    1.    No Receiving Party may disseminate or cause the dissemination of any Confidential Discovery Materials to any person not authorized to receive such materials pursuant to § IV herein, or any person not reasonably involved in a related enforcement of insurance coverage rights (including any insurance coverage litigation ("Coverage Litigation")) with respect to such a claim (consistent with § IV (e) herein).

    2.    Nothing in this order will affect or restrict a Producing Party's maintenance, use, and/or disclosure of its own documents or information. Disclosures (other than public disclosures) by a Producing Party of its own documents or information will not affect any designation as Confidential Discovery Materials under this order. Nothing in this order will prevent or restrict counsel from rendering advice to their clients, and in the course thereof, relying on an examination of Confidential Discovery Materials.

    3.    The court may issue additional orders concerning the use and disclosure of Discovery Materials and Confidential Discovery Materials, including in connection with depositions noticed in multiple actions concerning the same perpetrator.

## III. Confidential Designation.

    1.    Any party may designate all or portions of Discovery Materials as "Confidential Information" to the extent that it believes, in good faith, such designated materials need protection from disclosure under federal, state, or local privacy law because such material contains:

        a.    "Confidential Information," which includes without limitation (i) non-publicly disclosed information, including data, summaries, and compilations derived therefrom, that contains scientifically, medically, financially, commercially sensitive information and/or personal

      information, including educational and employment records, and private information as defined in NY Shield Act, N.Y. Gen. Bus. Law § 899-aa ("PI") and (ii) Confidential Health Information, as defined below;

b.     "Confidential Health Information," includes "patient information," as defined in New York State Public Health Law § 18(1)(e), and "protected health information" and "individually identifiable health information," as defined in 45 C.F.R. § 160.103, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996, as amended (collectively, "HIPAA"), and which is permitted to be disclosed in the context of judicial and administrative proceedings pursuant to 45 C.F.R. § 164.512(e)(1), subject to certain requirements contained therein. Confidential Health Information includes any information that a party believes, in good faith, needs protection from disclosure under federal, state, or local privacy law because it identifies an individual in any manner and is related to (1) the past, present, or future care, services, or supplies relating to the health or condition of such individual, (2) the provision of health care to such individual, or (3) the past, present, or future payment for the provision of health care to such individual. Confidential Health Information includes medical bills, claim forms, charge sheets, medical records, medical charts, test results, prescriptions, medical notes and dictation, medical invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks in payment of medical services or supplies, medical notices and requests, social security numbers, and similar information. Confidential Health Information includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from Confidential Health Information but does not include such information when individual identifiers are not included and/or the information is de-identified in accordance with the HIPAA de- identification standard set forth in 45 C.F.R. § 164.514(a). Confidential Health Information also includes any materials subject to the confidentiality provisions of any applicable federal, state, or local law, including, but not limited to the New York Public Health Law, CPLR § 4505, the Americans with Disabilities Act, as amended, the Genetic Information Nondiscrimination Act of 2008 ("GINA"), the Mental Hygiene Law, and the Confidentiality of Alcohol and Drug Patient Records under 42 U.S.C. Sec. 290dd-2 and 42 C.F.R. Part 2, and other applicable privacy laws, or any applicable statutory or common law.

      To the extent reasonably practicable, a Producing Party will limit its designation of Confidential Information to specific portions of material that qualify under this definition. Where it would not be cost effective or would be burdensome, however, the Producing Party may designate an entire group of Discovery Materials as "CONFIDENTIAL INFORMATION."

3

2. <u>Depositions</u>. When a deposition includes the disclosure of Confidential Information:

    a. Portions of the deposition and deposition exhibits may be designated as "CONFIDENTIAL INFORMATION" as appropriate, subject to the provisions of this order either by (i) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will mark the pages of the transcript containing the designated testimony as "Confidential Information Governed by Protective Order," or (ii) notifying the reporter and all counsel of record, in writing, within ten (10) days of receiving the deponent's signature or the date the transcript is deemed signed pursuant to CPLR § 3116(a), of the portion that contains Confidential Information, and the Designating Person shall reproduce that portion with the appropriate designation. During that 10-day period identified above, all parties will treat the entire deposition transcript, video or exhibit as if it had been designated as Confidential Information. The parties may also agree to treat a deposition transcript as Confidential in its entirety until trial.

    b. The Producing Party will have the right to exclude from the deposition, during such time as the Confidential Information is to be disclosed, any person other than the subject of the Confidential Information; the deponent (and his or her counsel); parties and counsel for all parties (including their staff and associates); the court reporter, and the persons identified in Section IV below.

3. <u>Documents</u>. With respect to any Discovery Materials or portion thereof containing Confidential Information other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such information contained in the Discovery Materials as Confidential Information by stamping or otherwise marking as "CONFIDENTIAL INFORMATION" the protected portion in a manner that will not interfere with legibility or audibility.

4. <u>Electronically Stored Information</u>. Electronically stored information ("ESI") that a Producing Party wishes to designate as Confidential Information shall be marked as "CONFIDENTIAL INFORMATION." If the ESI is transmitted through a file transfer protocol or other electronic transmission, it shall be encrypted with the password supplied in separate correspondence to the recipient or otherwise transmitted by secure means.

**IV. Disclosure of Confidential Information.**

Confidential Information will not be disclosed by the Receiving Party except as permitted by this Order.

1. <u>Permissible Disclosures</u>. A Receiving Party may disclose a Producing Party's Confidential Information only to the following persons:

a. the parties to a civil claim related to allegations of child sexual abuse involving the same alleged abuser. Not less than 20 days prior to such disclosure, the Receiving Party must provide notice of the intended disclosure to the Producing Party, specifying the date thereof, identity of the intended recipient(s), and nature of the documents to be disclosed;

b. such parties' counsel, which shall mean in-house counsel, outside counsel of record, and other attorneys, paralegals, secretaries, other support staff or vendors (such as litigation support, investigators, copy-service providers, scanning providers, and document-management consultants) employed or retained by counsel;

c. the Receiving Party's expert witnesses, consultants (e.g., jury consultants and mock jurors), and their support staff, retained by counsel in connection with this action, who first sign an "Agreement To Be Bound by Stipulated Protective Order", in the form attached hereto as Exhibit A, which counsel for the Receiving Party shall retain;

d. the author, addressee, and/or other person indicated on a document as having received a copy of that document or that a party believes is referenced in a document;

e. the insurers and reinsurers, including their counsel and consultants in the Coverage Litigation, upon the appropriate entry of a confidentiality order in the Coverage Litigation and the insurers, reinsurers, their counsel and consultants agreeing to be bound by that order's terms. The fact that this order permits the disclosure of Confidential Discovery Materials in the Coverage Litigation shall not be construed or otherwise deemed as a finding that such Materials are relevant to or otherwise required to be produced in the Coverage Litigation. Whether any Confidential Discovery Materials are produced in the Coverage Litigation is to be determined by the parties to the Coverage Litigation or, in the event of a dispute, by the Court in the Coverage Litigation. In the event Confidential Discovery Materials are produced in the Coverage Litigation, they shall be subject to an appropriate confidentiality order entered in the Coverage Litigation;

f. a witness who a party's counsel in good faith believes may be called to testify at a deposition or trial, who first signs an "Agreement to be Bound by Stipulated Protective Order" in the form attached hereto as Exhibit A, which counsel for the Receiving Party shall retain;

g. any mediator, arbitrator, referee, or special master that the parties agree to or that this court appoints;

h. this court, including any appellate court, its support and administrative personnel; and

i. any court reporter and associated support staff employed in this litigation.

2. <u>Authorized Disclosures</u>. A Receiving Party may disclose Confidential Information if: (i) the Producing Party or the subject of the Confidential Information, as applicable and to the extent of their authority, consents to such disclosure; (ii) the court, after notice to the parties and the subject of the Confidential Information, as applicable, allows such disclosure; or (iii) the Receiving Party is required to disclose Confidential Information pursuant to a subpoena or other legal demand, by law, or to a regulatory entity or other government agency, provided that, to the extent permitted by law, the Receiving Party gives prompt notice to counsel for the Producing Party and to the subject of the Confidential Information, as applicable, so that the Producing Party can oppose, with the Receiving Party's reasonable cooperation, or minimize disclosure of such Confidential Information.

3. <u>Disclosures by Covered Entities and/or Health Care Providers and Business Associates</u>. Subject to a properly executed release, all "covered entities" and "business entities" (as defined by 45 C.F.R. § 160.103) and/or "health care providers" (as defined by New York Public Health Law § 18 (1)(b)) are hereby authorized to disclose Confidential Information, including Confidential Health Information, pertaining to this action to those persons designated in paragraph 1.a of this section.

4. <u>Challenges to Designation as Confidential Information</u>. A party who objects to any designation as Confidential Information may, at any time before the trial of this action, send to counsel for the Producing Party a written notice, specifying the documents or information that the challenging party contends should be differently designated and the grounds for the objection. The challenging party and the Producing Party shall meet and confer about the objection within ten (10) court days of the Producing Party receiving such written notice unless otherwise agreed. If the challenging party and the Producing Party cannot reach agreement, the Producing Party shall seek relief from the court in accordance with its rules and procedures within ten (10) court days of the meet and confer. The Producing Party will have the burden of justifying the propriety of its designation, which will continue as originally designated, unless otherwise ordered by the court or unless the Producing Party or the subject of the Confidential Information, as applicable, withdraws its designation in writing. In the event that the court rules that the challenged material's designation should be changed, the Producing Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling ten (10) business days of the ruling or the schedule set by the court, whichever is later. "Writing" and "written notice" shall include electronic communications.

V. **Procedures for Filing Confidential Discovery Materials with the Court.**

1. If a party wants to file materials containing Confidential Information ("Moving Party"), such filing shall be initially submitted directly to the court via electronic mail with simultaneous transmission to all other parties to the action. The Confidential Information shall not be filed in the public record until the court

6

      rules on whether the Confidential Information should be redacted or sealed as outlined below.

2. Within five (5) court days of any such submission to the court, counsel for the Moving Party and the Producing Part shall meet and confer in good faith in an attempt to reach agreement as to appropriate redactions and/or sealing of any Confidential Information contained in the submission. If Counsel for those parties cannot reach agreement, any remaining dispute shall be submitted via a joint letter by those parties to the court, not to exceed five pages, within ten (10) business days of the meet and confer. Any party may use its portion of any such joint letter to request full briefing of the dispute. The Moving Party shall be responsible for submitting the joint letter to the court.

3. Within five (5) court days of the court issuing its ruling on whether the Confidential Information should be redacted or sealed, the Moving Party shall file the material consistent with the court's ruling. If the court rules that the Producing Party has met its burden of showing that Confidential Information should be redacted or sealed, the Moving Party shall redact the Confidential Information or file the Confidential Information under seal in accordance with the rules of the court and the court's order.

4. Any party shall be permitted to file under seal Confidential Health Information without seeking leave of court.

VI. **Inadvertent Disclosure.**

      a. <u>Confidential Information</u>. If a party inadvertently produces any materials without a confidentiality designation, the Producing Party may provide written notice to the Receiving Party that the materials are Confidential Discovery Materials under this order and promptly reproduce the materials with an appropriate designation. The Receiving Party will treat the materials as Confidential Discovery Materials upon receipt of such notice and, within five (5) business days, take all reasonable steps to retrieve such materials from persons to whom the Receiving Party has disclosed such materials without a confidentiality designation or to confirm such persons have destroyed such materials.

      b. <u>Privileged Materials</u>. If a Producing Party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product doctrine, patient privacy protections, and/or other protections from disclosure ("Inadvertently Disclosed Information"), such disclosure, in and of itself, will not constitute or be deemed a waiver or forfeiture of any claim of privilege and/or other protection from disclosure with respect to the Inadvertently Disclosed Information.

          i. Within five (5) business days after a Producing Party provides written notice of such inadvertent disclosure, the Receiving Party

7

       will return, sequester, or destroy all such Inadvertently Disclosed Information in its possession and provide to the Producing party a written certification that (a) this has been done, or (b) this has not been done because the Receiving Party has a good faith belief that the information was not inadvertently disclosed or that the information is not the proper subject of any claim of attorney-client privilege, attorney work product doctrine, patient privacy protections, and/or other protections from disclosure. In addition, if the Receiving Party has disclosed such information to others before receiving notice, the Receiving Party will (a) take reasonable steps to retrieve the information or ensure it has been destroyed, or (b) provide to the Producing Party with the names and contact information to whom this information was disclosed.

   ii.    Within thirty (30) days from the date of the certification referenced in (i), the Producing Party will (a) produce a privilege log for the Inadvertently Disclosed Information, and (b) if the Inadvertently Disclosed Information appears only in portions of documents, produce redacted copies of those documents.

   iii.   If a Receiving Party thereafter moves the court for an order compelling production of the Inadvertently Disclosed Information, the Producing Party bears the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Such motion practice shall be governed by the process described in Section 6. Nothing in this order shall limit the right of any party to request that the court conduct an in camera review of the Inadvertently Disclosed Information.

c.   Consistent with New York Rule of Professional Responsibility 4.4(b) and any other applicable rules, if a Receiving Party reasonably believes that a document produced by a Producing Party is subject to attorney-client privilege and/or other protection from disclosure, the Receiving Party shall promptly notify the Producing Party. Within ten (10) days from a request by the Producing Party, the Receiving Party will return or destroy all copies of the document and certify in writing that this has been done. In any event, the Receiving Party will immediately cease all use of the materials at issue, will not read any unread portion of the documents, and will not refer to the privileged content during the course of this matter.

**VII. Additional Provisions**

1. <u>Prior Bad Acts</u>. Generally, consistent with the substance of this order, records of prior bad acts[1], including previous accusations of sexual abuse, against an alleged sexual abuse perpetrator, are discoverable, and will be disclosed upon request.

2. <u>Treatment of Discovery Materials Upon Termination of Action</u>. Within sixty (60) days of the later of the expiration of the applicable statute(s) of limitations regarding professional malpractice concerning the action or final termination of this action, including any appeals, each party to the action and its counsel must delete, destroy, or return to the Producing Party all Confidential Discovery Materials, including any copies, excerpts, and summaries of Confidential Discovery Materials contained therein. However, counsel to a party to other civil claims related to allegations of child sexual abuse involving one or more of the same parties or one or more of the same alleged abusers is not obligated to delete, destroy, or return Discovery Materials until sixty (60) days after such claims are terminated, including appeals. Notwithstanding the foregoing, counsel shall be entitled to retain client communications, attorney work product and, for archival purposes, paper and electronic copies of pleadings, court submissions, including exhibits, correspondence, transcripts and accompanying exhibits, and memoranda that contain, attach or refer to Confidential Discovery Materials, including a complete record of any proceedings before the court, and will continue to be bound by this order with respect to all such information that is kept after the conclusion of this action. Nothing herein shall require a party or its counsel to delete Confidential Discovery Materials of another party that may reside on its respective electronic archives or disaster recovery systems, except that such materials will not be retrieved or used for any purpose after the conclusion of this action.

3. <u>No Waiver</u>. Nothing in this order shall be construed as an abrogation, waiver or limitation of any kind by a party or non-party of: (a) its right to object to any discovery request on any ground; (b) any applicable privilege or protection; or (c) its right to object to the admissibility at trial of any document, testimony or other evidence. In addition, nothing in this order shall be construed as limiting any waiver of physician-patient privilege by Plaintiff by reason of bringing this action and asserting claims for damages. This order shall not prevent a party from applying to the court for further or additional protective orders.

4. <u>Non-Applicability of Order</u>. The restrictions and obligations set forth in this order will not apply to any information that is publicly available, unless the information has become public in violation of this order. No party will be responsible to another party for disclosure of information that would otherwise be confidential

---

[1] For purposes of Section VII(1), "Prior Bad Acts" are broadly defined to include documents, reports, complaints, notations within personnel files, and elsewhere, of previous accusations of abuse against an alleged sexual abuse perpetrator.

under this order if such information is not labeled or otherwise identified in accordance with this order, except that readily recognizable "Confidential Health Information" cannot be disclosed by any party, even if inadvertently produced without a "CONFIDENTIAL INFORMATION" designation.

5. <u>Notices</u>. Transmission by electronic mail is acceptable for all notification purposes under this order.

6. <u>Modification</u>. This order may be modified by written agreement of the Parties, subject to approval by the court, or by application to the court. The court reserves the right to modify this order for any reason that the court deems appropriate.

7. <u>Duration</u>. This order only applies to pre-trial matters because the court acknowledges the standard for redacting or sealing information may be different for trial.

8. <u>Survival</u>. After termination of this action, the provisions of this order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This court retains continuing jurisdiction over all persons subject to this order for enforcement of the provisions of this order or to impose sanctions for any contempt thereof.

Entered this __7th__ day of __March__, 2023.

_____
John P. Cronan
United States District Court Judge

SO ORDRED, with the further caveat that section V of this Protective Order does not excuse the parties from their obligation to comply with Rule 4.B of the Court's Individual Rules and Practices in Civil Cases, which governs redacted and sealed filings

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONNIE SPINA,

      Plaintiff,

  v.

CONGREGATION OF SISTERS OF
ST. AGNES OF FOND DU LAC,
WISCONSIN, INC.,

      Defendant.

Case No. 21-CV-7392

## ACKNOWLEDGEMENT

I acknowledge that I have read the attached Protective Order entered by the United States District Court for the Southern District of New York in Case No. 2:21-CV-7392-JPC, entitled *Connie Spina v. Congregation of Sisters of St. Agnes of Fond Du Lac, Wisconsin, Inc.,* and understand that, subject to that Protective Order, I am authorized to receive information designated as "CONFIDENTIAL."

I agree to abide by the obligations and conditions of that Protective Order. I also agree that I will only discuss the contents of the information designated as "CONFIDENTIAL" with the attorneys for the parties to the litigation.

I agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for all disputes arising out of or relating to the Protective Order and/or the disclosure or receipt of information designated as "CONFIDENTIAL" under that Protective Order.

Dated: _____

Signature: _____

Printed Name: _____

Company: _____

Title/Position: _____