USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 05/02/2023

**CERTAIN & ZILBERG, PL**
488 MADISON AVENUE, 20TH FLO
NEW YORK, NEW YORK 10022
TEL. 212.687.7800
FAX 212.687.7801

Writer's Extension: x222
Writer's Email: mzilberg@certainlaw.com

April 19, 2023

**VIA ECF AND EMAIL**
Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007-1312
CronanNYSDChambers@nysd.uscourts.gov

RE: *Spina v. Congregation of Sisters of St. Agnes of Fond du Lac, Wisconsin, Inc.*
Case No. 21-CV-7392

Honorable Judge Cronan:

I write on behalf of the Plaintiff in the above-captioned matter, pursuant to Local Rule 37.2 and Section 5.C of Your Honor's Individual Rules and Practices in Civil Cases, to bring a discovery dispute to the Court which the parties have been unable to resolve despite meeting and conferring in good faith on multiple occasions. Specifically, the dispute concerns the production of a letter written by Sister Alice, the member of the Congregation alleged to have sexually abused Plaintiff as a child, which concerns the reason(s) for Sister Alice's departure from the Congregation in 1968. During the deposition taken for the purposes of jurisdictional discovery on March 1, 2022, the General Secretary of the Congregation, Sister Jeremy Quinn, testified that if a sister in perpetual vows left the Congregation prematurely, various documentation would be created, including "a letter she wrote to the mother general at the time and a letter, a similar letter to the holy father. There would be documents she signed when she accepted it." Sister Jeremy testified that the letter(s) written by the sister leaving the Congregation would "somewhat" contain the sister's reason for leaving the Congregation, or at least "[w]hat she stated. What she wrote in that letter." See Excerpt from Transcript of March 1, 2022 Deposition of Sister Jeremy Quinn, annexed as **Exhibit 1**. Sister Jeremy confirmed that the Congregation still retained possession of

---

The Court has reviewed the parties' letters and finds Defendant's objections to the production of Sister Alice's letter to be without merit. Production of a letter regarding resignation, even one required under Canon Law, does not implicate the free exercise of religion. In addition, a letter explaining Sister Alice's resignation following the alleged abuse is well within the broad scope of relevancy under Fed. R. Civ. P. 26(b)(1), which also makes clear that admissibility is not a prerequisite to information being discoverable. Accordingly, Plaintiff's motion to compel is GRANTED, and Defendant is directed to produce the letter.
**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: May 2, 2023
New York, New York

In its initial discovery responses, the Congregation did not produce a single document in response to any of Plaintiff's demands; and instead asserted various objections and sought a meet-and-confer with Plaintiff to discuss the entry of a protective order before any discovery would be produced. *See* Defendant's Response to Plaintiff's Requests for Production of Documents, annexed as **Exhibit 3**, at ¶¶ 2, 5, 6. The parties held a meet-and-confer on March 3, 2023 in which they were able to resolve most of the disputed discovery issues, and agreed to submit a motion for a protective order with the Court providing for the confidentiality of discovery materials. The Court granted the parties' motion and entered a protective order on March 7, 2023; and on March 8, 2023, the Congregation provided a supplemental response to Plaintiff's document requests which provided responsive documents to some of Plaintiff's demands. However, the Congregation did not supplement its responses to the demands seeking the production of the letter written by Sister Alice, maintaining its objection that the demand "violates the First Amendment's Free Exercise Clause." Exhibit 3, at ¶¶ 2, 26, 27. On April 10, 2023, the parties held another meet-and-confer to discuss the production of the letter, as well as to address additional issues that had arisen with respect to Defendant's responses to Plaintiff's first set of written interrogatories. Although this second meet-and-confer was helpful in addressing the deficiencies in Defendant's interrogatory responses, the Congregation maintained its position that it would not produce the letter written by Sister Alice regarding her departure from the Congregation. Citing non-specific claims of privilege conferred by the First Amendment and/or the Canon Law of the Catholic Church, the Congregation stated it would not produce the letter unless it was first subject to an *in camera* review by the Court to determine its relevancy to this case.

This action, which involves the sexual abuse of a minor by a member of the Congregation, does not implicate <u>any</u> issue of interpretation of religious doctrine or intra-church disputes, and thus, Defendant's stated objection to producing these documents pursuant to the Free Exercise Clause of the First Amendment is without merit. *See Kenneth R. v. Roman Cath. Diocese of Brooklyn*, 229 A.D.2d 159, 165 (2d Dept. 1997); *see also Ladson v. Ulltra E. Parking Corp.*, 164 F.R.D. 376, 378 (S.D.N.Y. 1996); *Harmon v. Diocese of Albany*, 204 A.D.3d 1270, 1274 (3d Dept. 2022); *Melfe v. Roman Cath. Diocese of Albany*, 196 A.D.3d 811, 814 (3d Dept. 2021). Moreover, although Plaintiff cannot know the full extent of the letter's relevance to this case without seeing its contents, there can be no question that the letter is relevant. Plaintiff has alleged that the Congregation was negligent in its hiring, training, retention, and supervision of Sister Alice; thus, a letter concerning the circumstances under which Sister Alice prematurely left the Congregation goes directly to the issues at the heart of this case. Further, as demonstrated by the Congregation's prior motion to dismiss the complaint for lack of personal jurisdiction, the manner and degree of the Congregation's control over Sister Alice is a disputed issue in this case, and the letter is relevant to this issue as well. Defendant's suggestion that the Court conduct an *ex parte, in camera* review of the letter and make a finding as to its relevancy before it is disclosed to Plaintiff flouts the well-established rules favoring liberal and open disclosure of all relevant and non-privileged information. *See* Fed. R. Civ. P. 26(b); *see also* Section 4.B of Your Honor's Individual Rules and Practices in Civil Cases, citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) (setting forth the standards which must be met in order for a document to be filed under seal).

An *in camera* review of documents is only appropriate when there is "a genuine dispute between the parties" as to whether a claim of privilege applies to a withheld document. *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 475 (S.D.N.Y. 1993). Such a review should not be routinely undertaken, especially in the absence of a privilege log or other evidence on the

record which supports the party's claim of privilege. *United States v. Zolin*, 491 U.S. 554 (1989) (finding that a proponent of an *in camera* review must first make a threshold factual showing that such a review is appropriate); *Weber v. Paduano*, No. 02 CIV. 3392 (GEL), 2003 WL 161340, at *13 (S.D.N.Y. Jan. 22, 2003); *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 475 (S.D.N.Y. 1993) (in camera review of documents "is not…to be routinely undertaken, particularly…as a substitute for a party's submission of an adequate record in support of its privilege claims"). Further, District Courts in New York have adopted the Seventh Circuit's set of "procedures [which] must attend a request for an *in camera* review", *Parisi v. Rochester Cardiothoracic Assocs.*, 159 F.R.D. 406, 407 (W.D.N.Y. 1995) (emphasis in original); quoting *United States v. Hall,* 854 F.2d 1036, 1042 (7th Cir.1988):

> "The properly limited use of *in camera* review typically occurs during the course of litigation and **requires adversarial safeguards.** Initially, a party seeking an *in camera* review of any material must give appropriate notice of such a request to the opposing party as well as the court. Once the purpose for the *in camera* review is explained, the opposing party has an opportunity to respond, and the court may then either accept or reject the review proposal. If the court agrees to an *in camera* review, the moving party submits the material to the judge with such submission noted on the docket. The judge makes his *in camera* review. Then, depending on the judge's findings, and the terms of submission outlined by him, the material may be ordered sealed. Whether sealed or unsealed, the material is preserved as a part of the court record. Of course, variations of this method may be provided by the district judge."

Here, the Congregation has not articulated any valid legal basis for asserting that the letter written by Sister Alice is privileged. As there is no "genuine dispute" as to the applicability of any recognized privilege to the letter at issue, the Congregation would not be able to make the required threshold factual showing that an *in camera* review is warranted. Further, Defendant's proposal that the Court act as an initial filter for discovery, reviewing documents and making relevance determinations before they are produced, would only cause unnecessary delays in this case, undue prejudice to Plaintiff, and a burden on the Court's time and resources. *United States v. Zolin*, 491 U.S. 554 (1989) ("There is also reason to be concerned about the possible due process implications of routine use of *in camera* proceedings…Finally, we cannot ignore the burdens *in camera* review places upon the district courts, which may well be required to evaluate large evidentiary records without open adversarial guidance by the parties"). Accordingly, Plaintiff respectfully submits that the Court should compel Defendant to produce the letter demanded by Plaintiff pursuant to Fed. R. Civ. P. 37.  Alternatively, should Defendant formally seek *in camera* review of the letter, the Court should set a briefing schedule for the Defendants to set forth the legal basis justifying an *in camera* review and provide Plaintiff the opportunity to submit opposition.

Respectfully submitted,

Michael Zilberg, Esq.

3